UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IRFAN MAZHER<br>  217 West Alexander Lane Apt. 207<br>  Euless, Texas 76040<br><br>SARA IRFAN<br>  500,street 20, Punjab Colony, Khayaban-e-<br>  Jami Road, Karachi, Sindh 75660, Pakistan<br>                Plaintiff(s)<br>           v.<br><br>ANTONY J. BLINKEN, in his official<br>capacity, Secretary, U.S. Department of State;<br>     U.S. Department of State<br>     2201 C St. NW<br>     Washington, DC 20520<br><br>RENA BITTER, in her official capacity,<br>Assistant Secretary, Bureau of Consular<br>Affairs;<br>NATALIE A. BKER, in her official capacity,<br>Deputy Chief of Mission, United States<br>Embassy, Islamabad, Pakistan;<br>JOHN DOE, in his official capacity, Consular<br>Officer, U.S. Embassy, Islamabad, Pakistan,<br>     U.S. Department of State<br>     2201 C St. NW<br>     Washington, DC 20520<br><br>                Defendant(s). | Civil Action No. 4:25-cv-17 |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Daniel W. Son, Jr., Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3501 W Algonquin Rd Suite 200, Rolling Meadows, IL 60008 Ph: 312-767-9030, Facsimile: 312-767-9030, Email: danny@jeelani-law.com.

# INTRODUCTION

COME NOW IRFAN MAZHER (hereinafter "Plaintiff MAZHER" or collectively "Plaintiffs") and SARA IRFAN (hereinafter "Plaintiff IRFAN" or collectively "Plaintiffs" by and through the undersigned attorney, in the above cause, and state as follows:

1.      This action is brought as a result of Defendants' failure to adjudicate Plaintiff IRFAN's Immigrant Visa Application (hereinafter "Application") within a reasonable period of time. As a result of the Defendants' unreasonable delay, Plaintiff IRFAN has been forced to live without her spouse for an unreasonably long period of time even though she completed her immigrant visa interview twice at the U.S. Embassy in Islamabad, Pakistan.

2.      Plaintiff IRFAN's Application has been pending in a period of administrative processing for over 14 months (449 days) since Plaintiff IRFAN completed her first immigrant visa interview at the U.S. Embassy, in Islamabad, Pakistan, on October 16, 2023, and continues to remain under administrative processing to date, without any action to date by the United States Embassy in Islamabad. The U.S. Embassy cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiff IRFAN's Application because the U.S. Embassy in Islamabad, Pakistan, is fully operational and any in person interactions that are necessary, or routine, have already taken place.

3.      Plaintiff IRFAN has a clear right to the adjudication of her Application within a timely manner. The final adjudication of her Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

5. Plaintiff IRFAN MAZHER is a U.S. citizen and a resident of Tarrant County, Texas. Plaintiff MAZHER is the petitioner of an approved Form I-130, which he filed, naming his foreign spouse, Plaintiff IRFAN, as the beneficiary.

6. Plaintiff SARA IRFAN is a citizen and a resident of Pakistan. She is the beneficiary of an approved Form I-130 by virtue of her relationship to her U.S. citizen spouse, Plaintiff MAZHER. Plaintiff IRFAN is also the immigrant visa applicant in this matter. (Case # ISL2020737002).

7. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies  This action is filed against him in his official capacity.

8. Defendant RENA BITTER is the Assistant Secretary of State for Consular Affairs. As Assistant Secretary, she is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against her in her official capacity.

9. Defendant NATALIE A. BAKER is the Deputy Chief of Mission of the United States Embassy in Islamabad, Pakistan. She is the principal officer in charge of the Embassy. This action is filed against her in her official capacity.

10. Defendant JOHN DOE is a Consular Officer at the United States Embassy in Islamabad, Pakistan. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff MAZHER resides, and no real property is at issue in the instant matter.

## EXHAUSTION OF REMEDIES

13. Plaintiffs have repeatedly requested the Defendants to take action on Plaintiff IRFAN's Application by completing the adjudication of her immigrant visa Application. Furthermore, Plaintiff has initiated numerous inquiries with the U.S. Embassy in Islamabad, Pakistan, without any resolution.

14. Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied Post with documents that establish Plaintiff IRFAN's eligibility to receive an immigrant visa to come to the U.S. as a permanent resident.

15. There are no further administrative remedies available for Plaintiffs to utilize.

**FACTUAL ALLEGATIONS**

16. On August 20, 2020, Plaintiff IRFAN became the beneficiary of an approved I-130 (Receipt# IOE0907595412), Petition for Alien Relative. She continues to qualify as a beneficiary based on her relationship to her U.S. citizen spouse, Plaintiff MAZHER. **[EXHIBIT A]**.

17. On December 24, 2020, Plaintiff IRFAN successfully submitted her immigrant visa Application, Form DS-260, through the Department of State's Consular Electronic Application Center ("CEAC") (Case # ISL2020737002). **[EXHIBIT B]**.

18. On November 18, 2021, NVC notified Plaintiff IRFAN that her case was documentarily complete. **[EXHIBIT B]**.

19. After being found to be documentarily complete, on November 18, 2021, Plaintiff IRFAN was scheduled for an initial immigrant visa interview at the U.S. Embassy in Islamabad, Pakistan. Plaintiff appeared for her immigrant visa interview on October 16, 2023, at the conclusion of which Plaintiff IRFAN was informed that her case required additional security screening and as such was being placed in administrative processing. **[EXHIBIT C]**.

20. On February 12, 2024, Plaintiffs were asked to submit Form DS-5535. Furthermore, Plaintiffs were informed that Plaintiff IRFAN's Application remained "refused under Section 221(g) of the Immigration and Nationality Act (hereinafter "INA") pending completion of additional Administrative Processing.[1] Plaintiffs timely submitted the requested DS-5535 on February 12, 2024. **[EXHIBIT C]**.

---

[1] In the instant case, the Consular Officer has not yet determined whether "to admit or exclude" Plaintiff IRFAN. Her application was placed in Administrative Processing, having been informed that [a]dditional security screening was required." Plaintiff IRFAN's claim is, not barred by the doctrine of consular nonreviewability. (See, *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 288 (D.D.C. 2016); where the Court concluded that administrative processing constituted a required *interim* step . . . occurring after the interview and preceding the medical examination, yet it did not represent a final decision. (Id. at 284-85). Furthermore, the Court noted that where applicants were subject to multi-step processing then this did not constitute a final refusal (decision). *Id.; See also, Afghan & Iraqi Allies v.*

21.     Since submitting the requested Form DS-5535, Plaintiffs have continued to make numerous inquiries with the U.S. Embassy in Islamabad, Pakistan, requesting an update on Plaintiff IRFAN's Application, and after extensive inquiries Plaintiffs were informed that Plaintiff IRFAN's Application continues to remain unadjudicated pending the completion of administrative processing.

22.     Plaintiff IRFAN was scheduled for a second interview to be conducted on May 21, 2024, which was rescheduled to May 28, 2024. Plaintiff IRFAN completed her scheduled interview and was asked to submit additional information. **[EXHIBIT C].**

23.     As of May 28, 2024, Plaintiffs have not received any further information from the U.S. Embassy in Islamabad, Pakistan and nor has the Embassy made any further requests for additional information or evidence.

24.     Plaintiff IRFAN's Application now continues to be in continued administrative processing status with the U.S. Embassy in Islamabad, Pakistan, for a total period of over three years and one month (over 37 months or 1146 days), since her case was found to be documentarily complete and for over one year and two months (over 14 months or 449 days) since her first immigrant visa interview in Pakistan and is likely to continue in this status for months or years without judicial intervention.

25.     The Department of State and the U.S. Embassy in Islamabad, Pakistan, refuse to allege an average processing time for Immigrant Visa Applications.  Moreover, the aforementioned agencies

---

*Pompeo*, No. 18-cv-1388, 2019 WL 367841, at *9-10 (D.D.C. Jan. 30, 2019) (Court reviewed evidence showing DOS policy "mandates administrative processing" after the interview; a "mandatory intermediate step" rather than a final refusal); See also, *Al Gharawy*, 2022 WL 2966333, at *9 (INA § 221(g); *Patel v. Reno,* 134 f.3d 929, 931 (9 th Cir. 1997) (finding that a [221(g) "refusal" under 22 C.F.R. § 41.121(a) is not final).

refuse to provide further explanation which would merit the need for over a total of 14 months of processing time or provide any valid justification for keeping a wife away from her U.S. citizen spouse for an unreasonably long period of time, since NVC initially determined Plaintiff's case was documentarily complete, when all the required information has been gathered and even approved.

26. Plaintiff and her U.S. citizen spouse have endured significant financial and emotional hardships as a result of the unreasonable period of time that Plaintiff IRFAN's case has been pending without final adjudication and the issuance of her immigrant visa.

27. Plaintiff IRFAN has been forced to live apart from her U.S. citizen spouse without his mental, physical, and emotional support for an unreasonably long period of time.

## COUNT I

## VIOLATION OF THE APA

28. All prior paragraphs are re-alleged as if fully stated herein.

29. Plaintiff has a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153.

30. Defendants have a duty to adjudicate Plaintiff IRFAN's Application within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

31. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

32. No other adequate remedy is available to Plaintiff.

33. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to complete the adjudication of Plaintiff IRFAN's Application.

34. Given the Defendants' lack of a sufficient reason for not completing the adjudication of Plaintiff IRFAN's Application for over 37 months (1146 days) since her case became documentarily qualified and for over 14 months (449 days) since her immigrant first immigrant visa interview. Plaintiff IRFAN's Application has been pending for an unreasonably long period of time.

35. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

36. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff IRFAN's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff IRFAN's case.

37. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or not otherwise in accordance with the law, and is in violation of Plaintiff IRFAN's U.S. citizen spouse, Plaintiff MAZHER's due process rights pertaining to his familial choices. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff IRFAN's Application, thereby depriving Plaintiffs of the rights to which they are entitled.

38. In addition, as a result of this delay, Plaintiff has incurred enormous costs and now significant attorney's fees; in effect, Plaintiffs' lives are on hold due to Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to complete the adjudication of Plaintiff IRFAN's immigrant visa Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to

perform their duty to adjudicate Plaintiff IRFAN's Application immediately

3.      That the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

| | |
|---|---|
| Date:  January 7, 2025 | Respectfully submitted, |
| | /s/ Daniel W. Son, Jr. |
| | **Daniel W. Son, Jr. Esq. (24002975 )** |
| | **JEELANI LAW FIRM, PLC** |
| | **3701 W. Algonquin Road, Suite 630** |
| | **Rolling Meadows, IL 60008** |
| | **danny@jeelani-law.com** |
| | **Phone:(312) 767-9030** |
| | **Fax:(312) 767-9030** |
| | *Counsel for Plaintiffs* |